UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

SHAUN KEVIN HARRIS, a/k/a Mike,
        *Defendant-Appellant.*

No. 02-4114

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., District Judge.
(CR-00-7)

Submitted: September 5, 2002

Decided: September 12, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Joan A. Mooney, STILLER & MOONEY, P.L.L.C, Morgantown, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shaun Kevin Harris was sentenced to a 360-month term of incarceration upon his conviction for conspiracy to possess with intent to distribute and distribution of cocaine base, 21 U.S.C. § 846 (2000); two counts of aiding and abetting the distribution of cocaine base, 18 U.S.C. § 2 (2000), 21 U.S.C. § 841 (2000); one count of distribution of cocaine base, 21 U.S.C. § 841; and one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841. Counsel for Harris has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising issues relating to the sufficiency of evidence that Harris was involved in the single charged conspiracy and the guilty verdicts on three counts for which alibi evidence was presented, but stating that there are no meritorious issues for appeal. Harris filed a pro se supplemental brief repeating the challenge to the conspiracy conviction and raising an issue pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and a challenge to the computation of his sentence.

Harris asserts evidence at trial proved he was involved in multiple conspiracies rather than the single conspiracy charged in the indictment. We have reviewed the record and find that substantial evidence, when viewed in the light most favorable to the Government, supports Harris' conviction for the conspiracy to distribute cocaine base charged in the indictment. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

Harris next asserts that his brother offered alibi evidence that precluded a conviction for three substantive counts. We do not review witness credibility and assume the jury resolved all contradictions in the evidence in the government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Turning to the claims raised in Harris' pro se supplemental brief, we find the *Apprendi* claim baseless because his sentence was below the applicable statutory maximum. In addition, the challenge to Harris' sentence as a career offender is meritless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Harris' conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*